IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. FREDDY LLERENA-ASPIAZU
14001 Gallop Terrace
Germantown, MD 20874,

     **Plaintiff,**

v.                                  Civil Action No. _____

**ANSCHUTZ D.C. SOCCER, L.L.C., dba
D.C. UNITED,**

SERVE:    CT Corporation System
                 1015 15th Street, N.W.
                 Suite 1000
                 Washington, DC 20005,

CASE NUMBER 1:06CV00343

JUDGE: Richard W. Roberts

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 02/27/2006

**D.C. UNITED, L.L.C.,**
RFK Stadium
2400 East Capitol Street, S.E.
Washington, DC 20003,

SERVE:    National Registered Agents, Inc.
                 1090 Vermont Avenue, N.W., #910
                 Washington, DC 20005,

**HRISTO STOITCHKOV,**
Address currently unknown
Republic of Bulgaria,

  **and**

**MAJOR LEAGUE SOCCER, L.L.C.**
110 E. 42nd Street
10th Floor
New York, NY 10013,

SERVE:    Prentice-Hall Corp. System, Inc.
                 1090 Vermont Avenue, N.W.
                 Washington, DC 20005,

     **Defendants.**

# COMPLAINT

## JURISDICTION

1.     This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332(a)(1), 1332(a)(2), and 1332(c)(1). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and a subject of a foreign state.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(a).

## PARTIES

3.     Plaintiff, A. Freddy Llerena-Aspiazu ("Llerena"), is a U.S. citizen and a citizen of Maryland.

4.     Defendant Anschutz D.C. Soccer, L.L.C., dba D.C. United, is an operator of and investor in the Major League Soccer ("MLS") franchise D.C. United, and is incorporated in Delaware, with a principal place of business in Washington, DC.

5.     Defendant D.C. United, L.L.C. is an MLS franchise, and is incorporated in Delaware, with a principal place of business in Washington, DC.

6.     Defendants Anschutz D.C. Soccer, L.L.C., dba D.C. United, and D.C. United, L.L.C. are collectively referred to herein as "D.C. United."

7.     Defendant Hristo Stoitchkov ("Stoitchkov") is a citizen of the Republic of Bulgaria, and was, at the time of the incident complained of, an employee of D.C. United and MLS.

8.     Defendant MLS is a professional soccer league, and is incorporated in Delaware, with a principal place of business in New York City, New York. MLS wholly owns D.C. United. Under MLS's organizational structure, it has sole responsibility for negotiating and entering into agreements with, and compensating, MLS players,

2

including players for D.C. United. MLS recruits the players, negotiates their salaries, pays them from league funds, and, to a large extent, determines where they will play.

## FACTS

9. In the spring of 2003, Freddy Llerena was an eighteen-year-old freshman attending American University in Washington, DC and a member of the school's men's NCAA Division I varsity soccer team. Llerena had been a standout soccer player at Northwest High School in Germantown, Maryland and was attending American University on a soccer scholarship.

10. Defendant Hristo Stoitchkov is a Bulgarian national, who, at the time of the incident complained of, played professional soccer for, and served as an assistant coach of, D.C. United. Before joining D.C. United in 2003, Stoitchkov had played professional soccer for nearly two decades. He had played for the Bulgarian national team, for top European teams in Spain and Italy, and for the MLS's Chicago Fire.

11. During his professional career, Stoitchkov earned a reputation as a temperamental and violent player. While playing for CSKA Sofia in the early 1980s, he acquired the nickname the "Mad Bulgarian." For his part in a brawl during the 1985 Bulgarian Cup finals as a member of CSKA Sofia, Stoitchkov received a lifetime ban (later rescinded) from Bulgarian soccer. During his first season with Barcelona of Spain, Stoitchkov received a six-month suspension for stomping on a referee's foot. And over the course of his seven years with Barcelona, Stoitchkov received a league record eleven "red cards" – ejections from games.

12. On March 25, 2003, the American University men's soccer team played an exhibition game against D.C. United at American University. During the game, Llerena played the midfield position for American University and Stoitchkov played striker for D.C. United.

13. Early in the game, D.C. United scored the first goal. Just a few minutes after that, American University scored a goal, tying the game.

14. Stoitchkov was angry and upset over the referee's failure to call the tying goal offsides. Immediately following the goal, Stoitchkov approached the assistant referee and heatedly argued the call with him, to no avail.

15. Just moments later, as play resumed following the disputed goal, the 5'7" 150-pound Llerena was attempting to control the ball near midfield. Stoitchkov – listed at 5'9" and 181 pounds – began running toward Llerena and the ball from approximately ten yards away. As he closed in, Stoitchkov raised his left foot approximately three feet off the ground, exposing his left cleat. Stoitchkov tackled Llerena, with the spiked sole of Stoitchkov's left foot coming forcefully down on Llerena's right leg – which was planted on the turf – below his knee. The impact caused multiple and open fractures of Llerena's lower right leg, and other injuries. Llerena crumpled and fell to the ground, his tibia protruding through the skin of his right leg.

16. Play stopped and the referee immediately issued a red card to Stoitchkov, ejecting him from the game. As Stoitchkov, who was still angry over the no-offsides call, stalked off the field, he angrily bumped into an American University trainer.

4

17. Llerena was treated at the scene for approximately thirty minutes, carried off the field, and taken away by ambulance. He underwent surgery later that day at Montgomery General Hospital in Olney, Maryland, during which a four-inch metal plate was inserted to hold his tibia together.

18. As a result of this incident, Llerena has suffered both physical and psychological injuries, including a substantial permanent disability to his right leg. He has incurred considerable medical expenses. And he has been unable to play soccer at his pre-accident level.

## COUNT I
(Negligence – Stoitchkov, D.C. United, and MLS)

19. Llerena incorporates by reference paragraphs one through eighteen and further alleges that Stoitchkov's leg-shattering tackle was the direct and proximate result of Stoitchkov's negligence.

20. Stoitchkov negligently tackled Llerena, failing to use the degree of care that a reasonable soccer player would exercise under the circumstances.

21. As a direct and proximate result of Stoitchkov's negligence, Llerena was injured. Llerena has incurred and will continue to incur expenses for medical care and attention and physical therapy. He has suffered and will continue to suffer much physical and mental pain, and he has sustained a substantial permanent disability to his right leg.

22. When Stoitchkov negligently tackled Llerena, Stoitchkov was acting within the scope of his employment with D.C. United and MLS. D.C. United and MLS are therefore liable under the doctrine of *respondeat superior* for Stoitchkov's negligence.

## COUNT II
(Reckless Misconduct/Reckless Disregard of Safety –
Stoitchkov, D.C. United, and MLS)

23. Llerena incorporates by reference paragraphs one through twenty-two and further alleges that Stoitchkov's leg-shattering tackle was the direct and proximate result of Stoitchkov's recklessness.

24. Stoitchkov recklessly tackled Llerena. Stoitchkov knew or should have known that a raised-cleats tackle created an unreasonable risk of physical harm to Llerena and a high probability that substantial harm would result.

25. As a direct and proximate result of Stoitchkov's recklessness, Llerena was injured. He has incurred and will continue to incur expenses for medical care and attention and physical therapy. He has suffered and will continue to suffer much physical and mental pain, and he has sustained a substantial permanent disability to his right leg.

26. When Stoitchkov recklessly tackled Llerena, Stoitchkov was acting within the scope of his employment with D.C. United and MLS. D.C. United and MLS are therefore liable under the doctrine of *respondeat superior* for Stoitchkov's recklessness.

## COUNT III
(Negligent hiring, retention, and supervision – D.C. United and MLS)

27. Llerena incorporates by reference paragraphs one through twenty-six and further alleges that D.C. United and MLS knew or should have known that Stoitchkov behaved in a dangerous manner on the soccer field. Armed with that actual or constructive knowledge, D.C. United and MLS were negligent in hiring and retaining Stoitchkov to play soccer – a position that necessarily brings him in contact with others

while performing his job – and D.C. United and MLS failed adequately or reasonably to supervise Stoitchkov.

28.  As a direct and proximate result of D.C. United's and MLS's negligent hiring, retention, and supervision of Stoitchkov, Llerena was injured. He has incurred and will continue to incur expenses for medical care and attention and physical therapy. He has suffered and will continue to suffer much physical and mental pain, and he has sustained a substantial permanent disability to his right leg.

<u>COUNT IV</u>
(Punitive Damages – Stoitchkov)

29.  Llerena incorporates by reference paragraphs one through twenty-eight and further alleges that Stoitchkov's raised-cleats, leg-shattering tackle constituted outrageous conduct that was malicious, wanton, reckless, or in willful disregard of Llerena's rights.

WHEREFORE, Plaintiff A. Freddy Llerena-Aspiazu demands judgment against Defendants Anschutz D.C. Soccer, L.L.C., dba D.C. United; D.C. United, L.L.C.; Hristo Stoitchkov; and Major League Soccer, L.L.C., jointly and severally, in the full and just amount of Five Million Dollars ($5,000,000) as compensatory damages, and against

Hristo Stoitchkov, individually, in the full and just amount of Five Million Dollars ($5,000,000) as punitive damages.

                                        Respectfully submitted,

                                        KOONZ, McKENNEY, JOHNSON,
                                          DePAOLIS & LIGHTFOOT, L.L.P.

                                        By: _____
                                        Roger C. Johnson (D.C. Bar #940577)
                                        Andrew W. Cohen (D.C. Bar #441149)
                                        2001 Pennsylvania Avenue, N.W.
                                        Suite 450
                                        Washington, DC 20006
                                        Tel: (202) 659-5500
                                        Attorneys for Plaintiff

JURY TRIAL REQUESTED:

_____
Roger C. Johnson