IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. FREDDY LLERENA-ASPIAZU,        *

      Plaintiff,        *

v.        *        Civil Action No. 1:06CV00343 (RWR)

MAJOR LEAGUE SOCCER, et al.        *

      Defendants.        *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**ANSWER TO AMENDED COMPLAINT**

Defendant, Hristo Stoitchkov ("Mr. Stoitchkov"), by his undersigned attorneys, answers the Amended Complaint and states as follows:

1. The allegations contained in Paragraph 1 assert a legal conclusion and therefore, no response is required.

2. The allegations contained in Paragraph 2 assert a legal conclusion and therefore, no response is required.

3. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 3 of the Amended Complaint.

4. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 4 of the Amended Complaint.

5. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5 of the Amended Complaint.

6. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 6 of the Amended Complaint.

7. It is admitted that the Plaintiff collectively refers to Anschutz D.C. Soccer, L.LC.,

dba D.C. United; Anschutz Entertainment Group, Inc.; and Major League Soccer, L.L.C. as "D.C. United" throughout the Amended Complaint.

8. Mr. Stoitchkov admits that at the time of the incident described in the Complaint, he was a citizen of Bulgaria, employed by Major League Soccer as a soccer player, and employed by D.C. United as a coach.

9. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegation contained in paragraph 9 of the Amended Complaint.

10. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Amended Complaint.

11. Mr. Stoitchkov admits the allegations contained in paragraph 11 of the Amended Complaint.

12. Mr. Stoitchkov admits that he was among a group of players who received a lifetime ban (rescinded after six months) arising from an incident during the 1985 Bulgarian Cup finals. Mr. Stoitchkov also admits that he received a six-month suspension for stomping on a referee's foot during his first season with Barcelona of Spain. Mr. Stoitchkov further admits that he received eleven red cards during his seven years with Barcelona. Mr. Stoitchkov denies the remaining allegations in paragraph 12.

13. Mr. Stoitchkov admits the allegations contained in paragraph 13 of the Amended Complaint.

14. Mr. Stoitchkov admits the allegations contained in paragraph 14 of the Amended Complaint.

15. Mr. Stoitchkov admits that he discussed the validity of the tying goal with the assistant referee. Mr. Stoitchkov denies the remaining allegations in paragraph 15.

16. Mr. Stoitchkov admits that he tackled Plaintiff. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations in paragraph 16 relating to Plaintiff's injuries. Mr. Stoitchkov denies the remaining allegations in paragraph 16.

17. Mr. Stoitchkov admits that after his tackle of Plaintiff play was stopped and he was issued a red card. Mr. Stoitchkov denies the remaining allegations in paragraph 17.

18. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Amended Complaint.

19. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Mr. Stoitchkov incorporates by reference the answers set forth in connection with Paragraphs 1 through 19 above and denies the remaining allegations in paragraph 20.

21. Mr. Stoitchkov denies the allegations contained in paragraph 21 of the Amended Complaint.

22. Mr. Stoitchkov denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 23 of the Amended Complaint.

24. Mr. Stoitchkov incorporates by reference the answers set forth in connection with Paragraphs 1 through 23 above and denies the remaining allegations in paragraph 24.

25. Mr. Stoitchkov denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Mr. Stoitchkov denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Mr. Stoitchkov is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 27 of the Amended Complaint.

28. Mr. Stoitchkov incorporates by reference the answers set forth in connection with Paragraphs 1 through 27 above and denies the remaining allegations in paragraph 28.

29. Mr. Stoitchkov denies the allegations contained in paragraph 29 of the Amended Complaint.

30. Mr. Stoitchkov incorporates by reference the answers set forth in connection with Paragraphs 1 through 29 above and denies the remaining allegations in paragraph 30.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted, or upon which relief can be granted against Mr. Stoitchkov.

## SECOND AFFIRMATIVE DEFENSE

The claims set forth against Mr. Stoitchkov in the Amended Complaint are barred by the doctrine of contributory negligence.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth against Mr. Stoitchkov in the Amended Complaint are barred by the doctrine of assumption of risk.

## FOURTH AFFIRMATIVE DEFENSE

The claims set forth against Mr. Stoitchkov in the Amended Complaint are barred by the statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth against Mr. Stoitchkov in the Amended Complaint are barred by the doctrines of waiver, release, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Stoithckov reserves the right to amend this Answer to add additional defenses if they become apparent from further discovery.

**WHEREFORE,** Defendant, Hristo Stoitchkov, requests the entry of an Order:

A. Dismissing this case;

B. Awarding him his costs and expenses, including attorneys' fees; and

C. Granting him such other and further relief as may be justified.

Respectfully submitted,

/s/ Daniel R. Lanier
Daniel R. Lanier
Federal Bar No. 04504
Brian W. Casto
Federal Bar No. 28010
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202

Attorneys for Defendants