IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 11 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A. FREDDY LLERENA-ASPIAZU,     *

    Plaintiff,     *

v.     *    Civil Action No.: 1:06CV00343 (RWR) /(JMF)

MAJOR LEAGUE SOCCER, et al., *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### STIPULATED PROTECTIVE/CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

    1.     This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

    2.     The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties (including legal

assistants and other personnel), and expert witnesses assisting counsel in this Lawsuit, and the Court.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided

that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. With respect to any communications of the Court including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in accordance with Local Civil Rules 5.1(j) and 5.4(e).

10. If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material before the deadline for compliance with the subpoena or order, in order to afford the designating party reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

11. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this order to such information by notifying the

designating party's counsel in writing and identifying the information contested. The parties shall have ten days after such notice to meet and confer and attempt to resolve the issue. If the dispute is not resolved within such period, the party seeking the protection shall have ten days in which to make a motion for a protective order with respect to contested information. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

12. Inadvertent failure to designate any material "Confidential" or shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangement shall be made by the parties to designate the material "Confidential" in accordance with this Order.

13. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

14. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report to the designating party and all counsel of record that there may have been a violation of this Order.

15. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party. Return of all Confidential Material contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

16. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to documents and information produced pursuant to this order for the sole purpose of enforcement of its provisions.

Case 1:06-cv-00343-RWR   Document 27   Filed 01/11/2007   Page 5 of 7

# FORM
## CONFIDENTIALITY AGREEMENT

BEING DULY SWORN, I hereby attest to the following:

(1) It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Stipulated Confidentiality/Protective Order entered in <u>Llerena v. Major League Soccer, L.L.C., et al.</u>, United States District Court for the District of Columbia, Case No: 1:06CV00343 (RWR) ("Court").

(2) I have been given a copy of and have read the Stipulated Confidentiality/Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

(3) I further agree that I shall not disclose such confidential information to others, except in accordance with the Stipulated Confidentiality/Protective Order.

(4) It is my understanding that if I fail to abide by the terms of the Stipulated Confidentiality/Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

(5) I hereby consent to the jurisdiction of the Court for purposes of enforcing the Stipulated Confidentiality/Protective Order.

Date:_____        _____
                                    Signature

                                    _____
                                    Printed Name


Subscribed and sworn to before me this_____ day of _____, 2006.

Witness my hand and official seal.


_____
Notary Public

IT IS SO STIPULATED:

Dated: January 2, 2007                    /s/
                                          Roger C. Johnson (940577)
                                          Andrew W. Cohen (441149)
                                          KOONZ, McKENNEY, JOHNSON,
                                            DePAOLIS & LIGHTFOOT, L.L.P.
                                          2001 Pennsylvania Ave., N.W.
                                          Suite 450
                                          Washington, DC 20006
                                          202-659-5500

                                          Attorneys for Plaintiff


Dated: January 2, 2007                    /s/
                                          Daniel R. Lanier (04504)
                                          Brian W. Casto (28010)
                                          MILES & STOCKBRIDGE P.C.
                                          10 Light Street
                                          Baltimore, Maryland 21202
                                          410-727-6464

                                          Attorneys for Defendants

IT IS SO ORDERED.

Dated: 1/11/07                            /s/
                                          Richard W. Roberts
                                          United States District Court Judge