**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| A. FREDDY LLERENA-ASPIAZU, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:06CV00343 (RWR) |
| MAJOR LEAGUE SOCCER, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MAJOR LEAGUE SOCCER, L.L.C.'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, Major League Soccer, L.L.C. ("Defendant"), by and through its undersigned counsel, answers the Interrogatories propounded to it by Plaintiff, A. Freddy Llerena-Aspiazu, and states as follows:

a.  The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and attorneys, unless privileged.

b.  The word usage and sentence structure is that of the attorney who, in fact, prepared these Answers and thus does not purport to be the exact language of the executing party.

c.  The Respondents reserves the right to file Supplemental Answers if and when such additional information comes into their possession.

d.  The Interrogatories have been interpreted and answered in accordance with the Federal Rules of Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Interrogatories.

## GENERAL OBJECTIONS

i.  Defendant generally objects to the instructions and definitions to the extent that such instructions and definitions purport to impose any duty inconsistent with or beyond that specified in the pertinent Rules of Civil Procedure.

ii.  Defendant objects to the set of Interrogatories insofar as they attempt to request information protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

iii.  Defendant objects to the Interrogatories to the extent they seek information not relevant to the subject matter involved in the pending action, and not reasonably calculated to lead to the discovery of admissible evidence.

iv.  Defendant objects to the fact that the Interrogatories are grouped in such a way as to avoid exceeding the limit of 30 Interrogatories imposed by the pertinent Rules of Civil Procedure, but actually exceed the limit. Without waiving this objection, Defendant nevertheless answered the Interrogatories posed without regard to this objection, but will rely upon Plaintiff's contravention of this Rule if Plaintiff seeks to serve any further Interrogatories.

## INTERROGATORIES AND ANSWERS

**INTERROGATORY NO. 1**: Please identify the individual answering these interrogatories on behalf of MLS.

**ANSWER NO. 1**: Ivan Gazidis is authorized to execute these Answers to Interrogatories on behalf of this Defendant.

**INTERROGATORY NO. 2**: Please identify all persons consulted in obtaining the information to answer these interrogatories and any other persons who assisted in preparing these answers.

**ANSWER NO. 2**: Other than counsel, none.

**INTERROGATORY NO. 3**: Please describe the corporate structure of MLS. Please include in your answer a description of the business relationship between MLS and D.C. United, L.L.C., Anschutz D.C. Soccer, L.L.C., and Anschutz Entertainment Group, Inc., including whether and to what extent MLS controls or has the right to control any part of the operations of D.C. United, L.L.C. or Anschutz D.C. Soccer, L.L.C.

**ANSWER NO. 3**: Objection. This Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further, this Defendant objects to the phrase "controls or has the right to control any part of the operations of" as undefined, ambiguous, and vague. Subject to, and without waiving these objections, this Defendant states that Major League Soccer, L.L.C. is a Delaware limited liability company. Major League Soccer, L.L.C. has a contractual relationship with Defendant Anschutz D.C. Soccer, L.L.C.

**INTERROGATORY NO. 4**: Please describe the employment relationship between MLS and Hristo Stoitchkov while he was a player for the MLS team the Chicago Fire and while he was a player/assistant coach for the MLS team D.C. United, including in your answer the identity of Stoitchkov's employer(s).

**ANSWER NO. 4**: This Defendant employed Defendant Stoitchkov pursuant to contract at all times during which he was employed as an MLS player. At no time, did this Defendant employ Defendant Stoitchkov as a coach of any MLS team.

**INTERROGATORY NO. 5**: Please identify all persons who initially discussed with Hristo Stoitchkov or his agents or representatives the possibility of him playing for any MLS franchise, and, subsequently, becoming a player and assistant coach for the MLS team D.C. United.

**ANSWER NO. 5**: Ivan Gazidis (MLS Deputy Commissioner), Todd Durbin (MLS Sr. VP Player Personnel), and Marcia Guerrero (former MLS Manager, International Players) were principally involved in hiring Defendant Stoitchkov to become an MLS player. Peter Wilt (former Chicago Fire General Manager) and Bob Bradley (former Chicago Fire Coach) were also involved in the decision to hire Defendant Stoitchkov. At no time, did this Defendant employ Defendant Stoitchkov as a coach of any MLS team.

offer him employment to play in MLS. At no time, did this Defendant employ Defendant Stoitchkov as a coach of any MLS team.

**INTERROGATORY NO. 8**: Please identify the MLS employee(s) who investigated Hristo Stoitchkov's background and those who were responsible for offering him a contract to play for MLS.

**ANSWER NO. 8**: See Answer to Interrogatory No. 5.

**INTERROGATORY NO. 9**: Please identify any disciplinary measures taken by MLS against Hristo Stoitchkov while employed as (i) a soccer player for any MLS franchise and (ii) as an assistant coach for the MLS team D.C. United.

**ANSWER NO. 9**: On March 25, 2000, Defendant Stoitchkov was issued a Red Card for serious foul play and was suspended for one game and fined $250. In 2001 and 2002, Defendant Stoitchkov was not the subject of any disciplinary measures. In 2003, Defendant Stotichkov was issued a Red Card for the incident involving Plaintiff and was suspended for two games and fined $2,000. Also in 2003, Defendant Stoitchkov was fined a total of $800 for Yellow Cards issued against him for dissenting with game referees. At no time, did this Defendant employ Defendant Stoitchkov as a coach of any MLS team.

**INTERROGATORY NO. 10**: Please identify all D.C. United players, coaches, and assistant coaches as of the date of the incident, March 25, 2003, and which of those individuals are still affiliated with or are employees of MLS and/or D.C. United.

**ANSWER NO. 10**: Objection. This Defendant objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving this objection, this Defendant states that it will produce a 2003 roster of D.C. United players and coaches. This Defendant has no roster specific to the subject match. Further, this Defendant states that if Plaintiff will specify particular players or coaches in which he is interested it will provide a last-known address for those individuals.